NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE WILLIAMS, individually, and as Administratix ad Prosquendum for the ESTATE OF PETER LEE WILLIAMS, deceased, and as a guardian ad litem for M.W., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE PONIK, BAYONNE POLICE CHIEF DREW NIEKRASZ, BAYONNE POLICE DEPARTMENT, CITY OF BAYONNE, JOHN DOE POLICE OFFICERS 1-10, JOHN DOE, individually and/or in their official capacities, jointly, severally, and/or in the alternative,<br><br>Defendants. | Civil Action No.: 15-1050 (CCC-JBC)<br><br>OPINION |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court on a motion of Plaintiffs pursuant to Federal Rule of Civil Procedure 12(f) to strike affirmative defenses set forth in Defendants' Answer. Defendants did not file an opposition to this motion. This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

### II. BACKGROUND

On June 10, 2014, Peter Lee Williams died at the age of 51.[1] (Compl. ¶ 1.) At the time of his death, he was allegedly in the custody of the Bayonne Police Department. (Id.) Plaintiff

---

[1] For purposes of simplicity, Mr. Williams's death on June 10, 2014 will be referred to as the "alleged incident."

1

Jamie Williams is Peter Lee Williams's widow and the Administratix ad Prosequendum of Peter Lee Williams's estate.

On July 9, 2014—less than one month after the alleged incident—Plaintiffs served on Defendants a letter purporting to be a Tort Claim Notice pursuant to N.J.S.A. 59:1-1. (ECF Nos. 10-4 and 10-5.) About a week later, Plaintiff received a response to the July 9, 2014 letter from Robert Sloan, the City Clerk for the City of Bayonne. (ECF No. 10-6.) Mr. Sloan's letter was dated July 14, 2014 and stated:

> I have received a notice of tort claim you forwarded on July 9, 2014. I have placed the notice in our files and have forwarded it to our claims processors. Enclosed is a form of tort claim notice which has been adopted by the City of Bayonne pursuant to the Tort Claims Act. You must file the enclosed form in order to perfect your claim.

(ECF No. 10-6.) On August 28, 2014—within the 90-day limit—Plaintiff responded to the July 14, 2014 request with information answering each question in the Tort Claims Act form. (*See* ECF No. 10-7.) Plaintiff filed the Complaint in this action on February 8, 2014—approximately eight (8) months after the alleged incident. (ECF No. 1.)

Defendants filed an Answer to the Complaint on April 28, 2015. (ECF No. 7.) Defendants have set forth a series of affirmative defenses, including defenses based on the statute of limitations (Second Affirmative Defense), laches (Fourth Affirmative Defense), lack of notice under New Jersey's Tort Claims Act (Eighth Affirmative Defense), and a request for relief not authorized by law (Sixth Affirmative Defense). (*Id.*) On May 15, 2015, Plaintiff moved to strike these defenses. (ECF No. 9.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) states:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant material, impertinent, or scandalous matter. The court may act:

2

> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "As a general matter, motions to strike under Rule 12(f) are highly disfavored." *FTC v. Hope Now Modifications, LLC*, No. 09-1204, 2011 U.S. Dist. LEXIS 24657, at *4-5, (D.N.J. Mar. 10, 2011). "The successful motion to strike is granted to 'save time and expense' by clearing away pleadings 'which will not have any possible bearing on the outcome of the litigation.'" *Id.* (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). Additionally, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.* (citing *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)).

The Third Circuit has cautioned, that "a court should not grant a motion to strike unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). District courts in the Third Circuit have required that the insufficiency of the defense be "clearly apparent" on the face of the pleading. *See, e.g., Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 98 (D.N.J. 2014); *United States Bank v. Rosenberg*, 2013 U.S. Dist. LEXIS 9536, *8 (E.D. Pa. Jan. 24, 2013); *Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *5 ("Thus, on the basis of the pleadings alone, an affirmative defense can be stricken . . . .").

## IV.   DISCUSSION

### A. Statute of Limitations Defense (Second Affirmative Defense)

It is "clearly apparent" from the face of the pleadings that Defendants' affirmative defenses based on the statute of limitations should be stricken. Under the New Jersey Tort Claims Act, claims against the State of New Jersey and local public entities must be filed within two years from

the date the cause of action arose. N.J.S.A § 59:8-8. Additionally, this is a claim for relief pursuant to 42 U.S.C. § 1983, which carries with it the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *see also Owens v. Okure*, 488 U.S. 235 (1989). New Jersey has a two-year statute of limitations for personal injury actions under N.J.S.A. § 2A:14-2, which applies to claims brought under 42 U.S.C. § 1983 in the District of New Jersey. *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).

There is no allegation that any event relating to this case occurred prior to June 10, 2014. Accordingly, the earliest that the two-year statute of limitations could run is June 10, 2016. There is simply no fact that could arise in discovery that would allow Defendants to prove that the statute of limitations has run.

### B. Laches Defense (Fourth Affirmative Defense)

For substantially the same reason as the statute of limitations defense, Defendants' laches defense should be stricken. The doctrine of laches bars an action where two elements are met: (1) the plaintiff unreasonably delayed in bringing suit; and (2) the delay prejudiced the defendant. *See Iwanowa v. Ford Motor Co.*, 67 F. Supp 2d 424 (D.N.J 1999) (citing *Claussen v. Mene Grande Oil Co.*, 275 F.2d 198, 211 (3d Cir. 1960)). Furthermore, under New Jersey law, "[l]aches, as a defense is generally unavailable where there is an applicable statute of limitations." *Flexco Microwave, Inc. v. MegaPhase LLC*, No. 14-6947, 2015 U.S. Dist. LEXIS 112033, *14 (D.N.J. Aug. 24, 2015) (citing *Fox v. Millman*, 210 N.J. 401 (2012)).

It is clearly apparent from the pleadings that the Complaint was filed well within the statute of limitations. Moreover, there is no set of facts that could arise through discovery that would allow Defendants to prove that Plaintiff's delay of approximately eight months was unreasonable or that such a delay prejudiced Defendants in a case involving only a request for damages. The Court will therefore strike the laches defense.

### C. New Jersey Tort Claims Act (Eighth Affirmative Defense)

The New Jersey Tort Claims Act requires that, prior to filing suit against a public entity or public employee, a plaintiff must provide notice of the claim. N.J.S.A § 59:1-1, *et seq*. The statute provides a list of required information and mandates that notice be provided within 90 days of the alleged incident giving rise to the lawsuit. N.J.S.A § 59:8-8. In their Answer, Defendants assert as an affirmative defense that Plaintiff failed to provide notice as required by the New Jersey Tort Claims Act.

In her motion to strike, Plaintiff contends that because she was ostensibly in compliance with the Tort Claims Act, the defense should be stricken under Rule 12(f). However, Plaintiff asks this Court to consider numerous documents outside the pleadings in order to make that determination. Such consideration is inappropriate under Rule 12(f). *See, Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *5; *Newborn Bros.*, 299 F.R.D. at 98.

The Court takes notice that the documents submitted in support of the motion to strike are illustrative of the weakness of the Tort Claims Act defense. The Court also recognizes that Defendants had an opportunity to respond to the instant motion and did not do so. However, in light of the directive that motions to strike are "highly disfavored," the Court finds that Defendants should be given the opportunity to take discovery with respect to the Tort Claims Act defense (to determine, for example, whether the notice provided was adequate, etc.) Therefore, the Court will not strike this defense from the record.

### D. Relief not authorized under applicable law (Sixth Affirmative Defense)

Plaintiff moves to strike Defendants' affirmative defense that Plaintiff has requested improper relief not authorized under applicable law. Plaintiff's argument rests largely on the theory that she has requested only compensatory damages, costs, expenses, attorney's fees, and

punitive damages, all of which Plaintiff argues are authorized by law. (ECF No. 9-11 at 6-7; *see also* ECF No. 1.)

Notwithstanding the proposition that the types of relief Plaintiff requests are authorized by law in a general sense, at this stage in the proceedings the Court will not hold Defendants' to such a narrow interpretation of their affirmative defenses. This particular affirmative defense can be construed to include Defendants' intention to prove that the relief requested by Plaintiff is not authorized by law under the facts of this case. The Court will not use its discretionary power under Rule 12(f) to preclude Defendants from making such arguments. Moreover, as there is no reason to believe that Plaintiff will be prejudiced by this affirmative defense, it would be inappropriate for the Court to strike it. *See Hope Now Modifications*, 2011 U.S. Dist. LEXIS 24657, at *4-5.

## V. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's motion to strike. Defendants' second affirmative defense (statute of limitations) and fourth affirmative defense (laches) will be stricken. Defendants' sixth affirmative defense (relief not authorized by law) and eighth affirmative defense (failure to give notice under the New Jersey Tort Claims Act) will not be stricken.

Dated: December 10, 2015

CLAIRE C. CECCHI, U.S.D.J.